UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RANDALL E. BEST              )
                            )
v.                          )        NO. 3:04-CV-176
                            )        (Phillips/Guyton)
GLEN TURNER, Warden[1]        )


## MEMORANDUM OPINION


Randall E. Best, who is currently serving a sentence of life without the possibility of

parole and a consecutive term of six years in the Hardeman County Correctional Facility in

Whiteville, Tennessee, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, attacking the legality of his confinement under several state court convictions.  The

respondent has filed two unopposed motions to dismiss and for summary judgment;

supporting briefs; and the state court record.  Docs. 6-8, Addendum 1-16, and Docs. 13-14).

For the reasons which follow, the motion will be **GRANTED**.

### I.  **Procedural History**

In 1998, the petitioner was convicted of first degree premeditated murder; first degree

felony murder; and especially aggravated burglary by a jury verdict in the Criminal Court for

Monroe County, Tennessee.  He filed a motion for a new trial and an amended motion for

---

[1]    Though the petitioner named the State of Tennessee as the respondent, the
correct respondent is the Warden of the Hardeman County Correctional Facility, where
the petitioner is confined.  *See* Rule 2(a) of the Rules Governing Section 2254 Cases;
Advisory Committee Note to Rule 2(a) (adopted in 1976).

a new trial, both of which were denied. [Addendum No. 1, Vol. 1 at 9-14]. He then pursued

direct review of the first degree murder conviction,[2] but was equally unsuccessful in this

endeavor. *State v. Best*, 2000 WL 1387997 (Tenn.Crim.App. Sept. 26, 2000), *perm. app.*

*denied,* (Tenn. 2001). Next, he filed a petition for post-conviction relief in the trial court.

After an evidentiary hearing, his petition was dismissed, and subsequently, Tennessee's

appellate courts also denied relief. *Best v. State*, 2003 WL 1990725 (Tenn.Crim.App. Apr.

30, 2003), *perm. app. denied,* (Tenn. 2003). He now brings this petition for a writ of habeas

corpus, raising four main grounds for habeas corpus relief.

## II. <u>**Factual Background**</u>

The following facts are taken from the state appellate court's opinion on post-

conviction review.

> The petitioner was indicted for especially aggravated burglary, premeditated
> murder, and felony murder in connection with the beating death of the
> eighty-seven-year-old victim, Ben Ray. At trial, the state offered proof which
> showed that the petitioner entered the victim's residence through a window and
> beat the victim with a hard linear object, possibly a tire tool. The medical
> examiner testified that there was evidence of thirty to forty blows. The victim
> remained conscious and was able to telephone his daughter and son-in-law,
> who summoned help. The victim ultimately died from his injuries. The
> petitioner, who rented a house from the victim, maintained that on the day of
> the murder, he drove his ex-wife, Brenda Best, with whom he still resided, to
> the victim's residence so that she could clean it. He contended that when he
> returned two hours later, he used a tire tool from his car to "sneak inside" a

_____

[2]    The trial court did not enter a judgment on each murder
verdict; instead it apparently merged the two verdicts and entered
one judgment of guilt as to first degree murder. [Addendum No. 1,
Vol. No. 1 at 7]. The petitioner did not appeal his conviction for
especially aggravated burglary.

window because he suspected that Ms. Best was having an affair with the victim. The petitioner claimed that when he discovered Ms. Best naked and in bed with the victim, he "went crazy" and struck the victim six to eight times.

*Best v. State,* 2003 WL 1990725, *1 (Tenn.Crim.App., Apr. 30, 2003), *perm app. denied*, (Tenn.2001) (citation and footnote omitted).

## III. **Discussion**

In moving to dismiss, the respondent asserts that the petitioner has procedurally defaulted many of his claims and that one claim (and its duplicate, which is offered in a handwritten attachment to the petition) fails to allege a specific claim of constitutional error. As for the remaining claims, the respondent moves for summary judgment, contending that the disposition of those claims in the state court was not contrary to, or an unreasonable application of, well-established federal law and was not based on unreasonable factual determinations, and that, therefore, a writ of habeas corpus should not issue in this case.

### A) **Standards of Review**

Summary judgment may be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). All evidence must be construed in a light most favorable to the nonmoving party. *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 215-16 (6th Cir. 1985).

The Antiterrorism and Effective Death Penalty Act of 1996 limits a federal court's review of issues previously adjudicated and also provides that a federal court should presume a state court's findings of fact are correct, unless they are based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

3

28 U.S.C. § 2254(d)(2). It is a petitioner's burden to rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Moreover, a petitioner cannot be granted habeas relief on any claim litigated in the state courts, unless the resulting decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

B) **Law of Exhaustion/Procedural Default**

Under 28 U.S.C. § 2254(b) (1), a state prisoner's petition for a writ of habeas corpus will not be granted unless it appears that he has exhausted his available state court remedies, or that there is an absence of available state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. Exhaustion "generally entails fairly presenting the legal and factual substance of every claim" to the state courts for review. *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). A petitioner who has failed to present a claim in the state courts, and who is now barred by a state procedural rule from returning to those courts to present it, has met the technical requirements of exhaustion (i.e. there are no state remedies left to exhaust) and is deemed to have exhausted his state remedies, but to have done so by way of a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). If a petitioner fails fairly to present his federal claims to the state courts, and in accordance with the state's procedural rules, he forfeits the right to federal habeas corpus review of those claims, unless he can show cause for his non-compliance and actual prejudice as a result of the claimed constitutional violations, *Engle v. Isaac*, 456 U.S. 107, 129 (1982), or can demonstrate that he is actually innocent so that the failure to review

his claims will result in a fundamental miscarriage of justice.  *Murray v. Carrier*, 477 U.S.

478, 495-96 (1986).  A failure to raise a claim on appeal constitutes a procedural default.

*See id.*; *Reed v. Ross,* 468 U.S. 1 (1984).

C) **The Claims**

Each claim and sub-claim will be discussed individually.[3]

1. *The petitioner's conviction was obtained by use of a coerced confession* [Ground one in the petition].

In this claim, the petitioner maintains that, in exchange for his confession, he was

promised a contact visit with his former wife, who was also his co-defendant.  Additionally,

he alleges that his confession was substantially altered and the tape-recording of the

confession was lost by the police.  Finally, he contends that, when he gave his incriminating

statement, he was under the influence of phenobarbital[4] he was taking following a suicide

attempt.

The respondent argues that, though the coerced-confession issue was raised and

addressed prior to trial, it was not raised on direct appeal and that, because there are no state

---

[3]  The six claims in the standardized form habeas petition were listed as Ground one, Ground two, Ground one, Ground two, Ground three, and Ground four.  Appended to the petition was a four-page attachment, titled, "Grounds for Relief (Ineffective Assistance of Counsel)."  The attachment contained a list of alleged errors on the part of counsel—one of which replicated a claim raised in the form petition and one of which made a general allegation that counsel was ineffective, but lacked any factual support. For the sake of organization, the claims have been renumbered and duplicate ones have been combined.

[4]  Phenobarbital is a drug used as a sedative, hypnotic, and anticonvulsant. Dorland's Illustrated Medical Dictionary 1274, 1446 (28th ed.1994).

5

court remedies available to redress this alleged constitutional violation, the petitioner has committed a procedural default. The respondent also notes that the petitioner presented this issue as a claim of ineffective assistance during his post-conviction proceedings and not as an independent constitutional violation.

Exhaustion does not occur where a claim is offered to state courts under a legal theory which is different than the one which supports the claim in a federal habeas court. *See Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Here, the claim was presented to state court as an alleged attorney error, but this does not exhaust a claim that a confession has been obtained through means of coercion. There are no state court remedies open in which to raise the claim,[5] and, thus, the claim had been procedurally defaulted. The default can be overcome by showing cause and prejudice. However, neither showing has been made, and federal review of claim one is now precluded.[6]

2. *The petitioner had ineffective assistance of counsel* [Grounds two and two in the petition and claims B-I in the attachment].

> a. *Counsel failed to litigate all significant issues, including one involving the unnecessary delay in bringing the petitioner before a magistrate after his arrest* [Ground two in the petition; Claim F in the attachment].

---

[5] The petitioner's return to state court is barred by provisions in Tennessee's post-conviction law. *See* Tenn. Code Ann. § 40-30-102(c)(2003 Repl.) (establishing a "one-petition" rule, which permits the filing of only one petition for post-conviction relief attacking a single judgment) and Tenn. Code Ann. § 40-30-102(a)(2003 Repl.) (setting a one-year period from the action of the state's highest court on direct appeal for the filing of a post-conviction petition).

[6] The coerced-confession claim has also been raised as an attorney error and will be addressed as such in the discussion in Part III.C.2.

The petitioner alleges that, following his arrest, there was unnecessary delay in bringing him before a magistrate and that his counsel was ineffective for failing to raise this issue and to preserve it for review. The petitioner asserts that, because he was not taken before a magistrate for an initial appearance, he was not properly advised of his right to be provided with counsel; that, during this period of unnecessary delay, he was unduly interrogated and gave statements to the police (which would not have been given if he had been advised of and asserted his right to counsel); and that his attorneys were ineffective for failing to argue that his statements should have been suppressed because they were the product of the unnecessary delay in bringing him before a magistrate.

A claim of ineffective assistance of counsel is governed by the two-prong test in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the petitioner to show: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Id.* at 687.

In addressing this claim, the state appeals court cited to *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1995)[7] and to *Strickland* as containing the relevant standards by which to evaluate a claim of ineffective assistance. The state appellate court then noted that, while the petitioner had testified at the evidentiary hearing that he did not appear before a magistrate for 10 to 20 days after his arrest, he was confronted with court records, which established that

---

[7] In *Baxter*, the Tennessee Supreme Court held that a defendant who claims ineffective assistance must show that counsel's advice or services fell below the range of competence demanded of attorneys in criminal cases. *Baxter*'s analysis is the equivalent of the performance-prong of the *Strickland* test.

7

he had been arraigned five days after his arrest for especially aggravated burglary and three days after his arrest for attempted first degree murder,[8] and he did not contest the accuracy of those records. The court also observed that counsel had testified at the hearing that he had attempted to have the petitioner's pre-trial statements suppressed, but had been unsuccessful. The state appeals court concluded that any deficiency of performance did not result in prejudice because the petitioner had presented no evidence to show that any delay in his appearance before the magistrate rendered his statements involuntary. It did not find that counsel had rendered ineffective assistance in this instance.

A state court's determination that a review of the state court record shows that no evidence has been presented in support of a claim is a factual finding. *Hardaway v. Withrow*, 305 F.3d 558, 563 (6th Cir. 2002), *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000) (a state court's determination that a petitioner had offered no credible evidence to support a claim that a key witness lied is a factual finding). A state court's factual finding must be presumed correct, unless a petitioner presents clear and convincing proof to rebut it. 28 U.S.C. § 2254(e)(1). No such proof has been offered.

A district court may not grant a writ of habeas corpus for any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an

_____

[8] Apparently, the charge was amended to first degree murder when the victim died. [Addendum No.11, Post-Conviction Hr'g Tr., Test. of Randall Eugene Best at 44].

unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). If there was nothing in the state court record to show that the petitioner's confession was involuntary due to a delay in bringing him before the magistrate, then the petitioner did not show prejudice. A petitioner cannot prevail on an ineffective assistance claim absent a showing of a prejudicial performance. The state court's decision with respect to this particular claim was not an unreasonable application of *Strickland*.

      b. *Counsel failed to call the medical examiner as a defense witness* [Claim B in the attachment].

Though this claim has not been fleshed out in the *pro se* pleading, the Court will assume that it is the same claim raised during the petitioner's post-conviction proceedings. In those proceedings, the petitioner alleged that, prior to trial, his attorneys had told him that they had found a medical examiner who would "testify that [the victim] hadn't been hit...more than 10 times at the most," but that the defense did not call the medical examiner as a witness.[9] The state appeals court, on post-conviction review, determined that the issue had been waived because there was no evidence in the record to indicate what the medical examiner's testimony would have been at trial. The appellate court found, in the alternative, that the decision not to present the medical examiner was a tactical decision which would not support a finding of ineffective assistance. The appeals court based its alternate decision on

---

[9]    As noted in the factual summary, evidence was presented at trial to show that the victim had been struck some 30 to 40 times. *State v. Best*, 2000 Wl 1387997 , at *4.

upon testimony offered by one of the petitioner's attorneys at the evidentiary hearing, who had explained that the reason the medical examiner had not been called as a witness was that the defense believed his testimony, in effect, would be detrimental to the petitioner, since he had told counsel that, based on his review of the records, the victim had suffered a "lot of pain" and an "agonizing" death due to his injuries.[10] Counsel also indicated that he believed that the defense would be able to exploit a breech that had developed in the relationship between the prosecution and the doctor who performed the autopsy.

The respondent asserts, in a foot note, that the finding of waiver constitutes a procedural default. A federal court need not reach the merits of a habeas petition where the last state-court opinion clearly and expressly rested upon procedural default as an alternative ground. *Harris v. Reed*, 489 U.S. 255, 264, n.10 (1989). Application of a state procedural rule (here, the waiver rule) represents an adequate and independent state ground that is sufficient to support the state court's judgment, even though the state court also reached the merits of the federal claim. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986).[11] Hence, the

---

[10]    The proof adduced at trial showed that the victim had bruises on his chest, arms and eyes; lacerations on his head (caused by a hard linear object, such as a tire tool), both eyes, and hands; a right earlobe practically severed from his body; defensive wounds to his hands; fractured ribs (which could have been caused by a foot or a shoe); considerable internal bleeding; and that he had remained conscious and in substantial pain during the beating. *Best v. State*, 2000 Wl 1387997, at *4. The post-conviction court noted that the victim's blood was splattered in two bedrooms and a connecting hallway of his home and that the petitioner had stated that he hit the victim repeatedly with a tire tool. [Addendum No. 10, Order of May 31, 2002 at 23, ¶ 6].

[11]When a state asserts a procedural bar to habeas corpus review of a federal claim, a four-part test is applied: 1) the procedural rule must have been applicable to petitioner's claim and petitioner must have failed to comply with it; 2) the rule actually must be

10

petitioner has failed to show cause and prejudice to overcome his procedural default and federal review is unavailable on this claim.

However, even if the claim has not been defaulted, *Strickland* instructs that counsel's strategical decisions, supported by a reasonable investigation, may not be subjected to judicial second-guessing and will not provide a basis for an ineffectiveness claim. *Strickland*, 466 U.S. at 689-90 (stating that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" and that "there are countless ways to provide effective assistance in a given case").  Given the state appellate court's finding that the questioned omission was a tactical decision and that the decision had been based on an adequate investigation and preparation, the court's resulting conclusion that there was no deficiency of performance with respect to the claimed attorney error is not an unreasonable application of *Strickland*.  *See id.* at 691 (noting counsel's duty "to make reasonable investigations or a reasonable decision that makes particular investigations unnecessary").  On its merits, the claim does not entitle the petitioner to relief under AEDPA's standards.

      c.   *Counsel failed to investigate and prepare for trial as requested by the petitioner*

---

enforced by state courts 3) the rule must be well-established, consistently applied, and not dependent on federal law  so as to constitute an adequate and independent state law ground and, finally, 4) if the rule is an adequate and independent state ground, habeas review of merits of the claim will depend upon a petitioner's demonstration of "cause and prejudice."  *Maupin*, 785 F.2d at 138.  At this point, factors one, two, and three are satisfied.  *See Cone v. Bell*,  359 F.3d 785, 790 (6th Cir. 2004) (failing to comply with Tennessee's waiver rule "will constitute a procedural default and will serve as an adequate and independent state ground barring habeas review").

[Claim C in the attachment].

The petitioner has provided no factual elaboration in this claim, by identifying the matters which he requested counsel to investigate that were not investigated. A claim that lacks any factual support is conclusory, and it is well settled that conclusory claims fail to state a claim for relief under § 2254. *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991) (observing that bare, conclusory allegations, unsupported by facts, cannot establish a constitutional violation). *See also Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (noting that a petitioner must state facts that point to a real possibility of constitutional error to be entitled to habeas corpus relief). Thus, the claim is conclusory and cannot establish a basis for habeas corpus relief.

To the extent that this is the claim which was offered in the petitioner's post-conviction petition and in his testimony at the evidentiary hearing (he alleged that his attorneys had not called past or present tenants of the victim as witnesses to testify that the victim was having affairs with his tenants), the trial court found that any such evidence would not be admissible. The petitioner did not raise this issue in the appellate court and, as the respondent points out, this constitutes a procedural default. Federal review now hinges upon a demonstration of cause and prejudice. Neither showing has been made, or even alleged, and the claim cannot be considered in these habeas corpus proceedings.

d. *Counsel failed to appeal the petitioner's motion to recuse Judge Ross* [Claim D in the attachment] .

Since this claim has no factual underpinnings, it is conclusory. *See* discussion *supra*

Part III.C.2.c. Nevertheless, the Court assumes, as did the respondent, that it is the same one the petitioner presented to the state courts during post-conviction proceedings.

Before the trial, the petitioner moved to have the trial court recuse itself. Subsequently, the motion was denied and the trial court's ruling was not challenged on appeal. The petitioner charges that the failure to appeal the recusal issue was an attorney error, which amounts to ineffective assistance.

When this claim was offered to the post-conviction court, that court noted that the trial judge (who also heard the post-conviction case) had explained that he had been a prosecutor; that he had had a relationship with the victim's police-officer son; but that the relationship was strictly professional and had existed 15 years earlier. The post-conviction court found that counsel had fully explored the issue; that there was no error on the part of counsel with respect to the motion to recuse; and, moreover, that there was no prejudice to the defense. [Addendum No. 10, Order of May 31, 2002 at 22, ¶ 2].

The state appeals court, when addressing the same issue, observed that, while the petitioner asserted that counsel should have filed an interlocutory appeal when the recusal motion was rejected, the petitioner had failed to adduce any proof to show that the appeal would have been granted or, if it would have been granted, that it would have been successful. The state appeals court also pointed out that one of the petitioner's attorneys testified that the issue was not raised on appeal because it was viewed as groundless and because it might have detracted from other more meritorious issues which were being advanced on appeal. The decision not to raise the issue was characterized as a reasonable

tactical decision. The petitioner's other attorney further testified that the trial judge had displayed no bias and had given the petitioner a fair trial. Ultimately, the state appellate court found no deficiency of performance and no prejudice either.

The state-court decision does not reflect an unreasonable application of *Strickland*, nor an unreasonable determination of the facts presented in the state proceedings. As noted previously, *Strickland* teaches that counsel's tactical decision preceded by a reasonable investigation does not amount to a deficient performance. Moreover, if the trial was fair and the judge impartial, no prejudice resulted from counsel's alleged error in failing to raise the recusal issue on appeal. Therefore, the petitioner is not entitled to habeas relief with respect to this claim of ineffectiveness.

    e. *Counsel failed to formulate a defense; instead, he assured the petitioner that he had "everything under control"* [Claim E in the attachment].

The petitioner has not factually developed his claim and, thus, it is conclusory and furnishes no basis for relief. *See* discussion *supra* at Part III.C.2.c. To the extent that this claim is the same one raised in the post-conviction court,[12] the trial court did not grant relief and, as the respondent points out, the petitioner did not raise this issue in the appellate court, which amounts to a procedural default. Federal review is unavailable, absent a showing of cause and prejudice. No such a showing has been made and habeas review is unavailable

---

[12] At the evidentiary hearing, the petitioner initially testified that he honestly did not know what defense could have been asserted on his behalf to the first degree murder charge, then stated that his counsel could have offered a "heat of passion" defense, and finally admitted that he (the petitioner) had testified at the trial to the facts underlying a "heat of passion" defense.

with respect to this claim also.

      f. *Counsel failed to communicate with petitioner during petitioner's evaluation at the Middle Tennessee Mental Health Institute* [Claim G in the attachment].

      As in the previous claim, the petitioner has provided no facts or argument to support this claim. A claim which contains no allegations of fact is conclusory and will not justify habeas corpus relief. *See* discussion *supra* at Part III.C.2.c. However, assuming, *arguendo*, that this claim is the one that was offered to the post-conviction court (i.e., that counsel failed to contact the petitioner or his counselor at the state facility where he was undergoing a psychological examination and that, had such contact been made, the results of the examination might have been different; for example, he might have been found incompetent to stand trial or insane at the time of the murder), the state court declined to grant him any relief and the petitioner did not raise the issue on appeal. The petitioner's failure to offer the claim for consideration in the state appeals court constitutes a procedural default. He offers nothing by way of cause and prejudice and federal review is procedurally barred.

      g. *Counsel refused to file a motion to change venue* [Claim H in the attachment].

      This claim also is not constructed on any facts. Thus, it is conclusory and affords no grounds for relief. *See* discussion *supra* Part III.C.2.c. However, the Court will assume that it is the same one which was presented during the petitioner's post-conviction case in the trial court and on appeal. There, the petitioner claimed that a change of venue was necessary due to pretrial publicity; the severity of the offense; the fact that the jury pool came from "a relatively small county in terms of population;" and the fact that many of the prospective

jurors stated during voir dire that they had prior knowledge of the case. Counsel did not file a motion to change venue, though the petitioner testified that he requested one be filed. The Court assumes (as did the state court) that the petitioner is claiming that media coverage of his case prejudiced the jury pool, depriving him of the right to an impartial jury, and that his attorney was constitutionally remiss in not pursuing a change of venue based on this.

In reviewing this claim of ineffectiveness, the Court of Criminal Appeals observed that a change of venue is warranted when it appears that a fair trial cannot be had in the county where the offense was committed because of undue excitement against a criminal accused. According to the opinion of the state appellate court, whether a defendant's right to a fair and impartial trial has been infringed depends upon whether pretrial publicity has prejudiced the ability of the jurors who served to render a fair and impartial verdict. It also noted that the post-conviction court, which indicated that potential jurors had been questioned individually as to pretrial publicity and any previously-formed opinions, had found no undue publicity or poisoning of the jury pool and, thus, no basis for changing venue. After finding that the petitioner had submitted no specific evidence of any pretrial publicity or proof that the jury had been biased–indeed, the petitioner's trial attorney who testified at the post-conviction hearing expressed his belief that the jury which was impaneled was fair, and that the record did not disclose any such proof, the state appeals court denied relief.

The Sixth Amendment guarantees a defendant the right to a trial by an impartial jury. U.S. Const. amend. VI. This fair-trial right is effectuated by impaneling a jury of impartial,

16

"indifferent" jurors who render a verdict based on evidence adduced at the trial. *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). To show that he has not been tried by an impartial jury, a petitioner must point to particular jurors actually selected to serve in his case who were prejudiced against him. He can show actual prejudice by showing that a juror had a fixed opinion about guilt and could not lay aside his opinion and render a verdict based on the evidence presented in court. *See Bell v. Hurley*, 97 Fed.Appx. 11, *19, 2004 WL 446224, *6 (6th Cir. Mar. 10, 2004) (unpublished opinion) (citing to *Irvin*, 366 U.S. at 723)). However, a court will presume prejudice if a petitioner shows that his case falls within a narrow category of cases where the influence of the news media is such as to have created an inherently prejudicial environment. *Murphy v. Florida*, 421 U.S. 794, 798-99 (1975) (Prejudice is presumed where "a trial atmosphere...utterly corrupted by press coverage....has pervaded the proceedings.") .

By simply pointing to nature of his crime, the punishment sought, the small population of the community where the crime occurred, and assuming, as a fact, that these things in combination would have generated a great deal of publicity, the petitioner seemingly was alleging that prejudice could be presumed by virtue of the media coverage alone. The Supreme Court rejected a similar argument in *Dobbert v. Florida*, 432 U.S. 282, 303 (1977), where it found that a petitioner who claimed that he was denied a fair trial because of broad media coverage could not demonstrate a constitutional violation merely by showing that the community had extensive knowledge "of either the crimes or the putative criminal." Here, as in *Dobbert* (a case relied upon by state appeals court), the petitioner did not cite to

"specific portions of the record, in particular the voir dire examination of the jurors, which would require a finding of constitutional unfairness as to the method of jury selection or as to the character of the jurors actually selected." . *Id.* at 303. At the very most, the petitioner indicated "that the community was made well aware of the charges against him," and, absent a showing of an inherently prejudicial atmosphere, this is insufficient to find that his trial was unfair. *Id.*

If there was nothing to show either actual or presumed prejudice resulting from the pretrial publicity, there were no grounds to support a motion to change venue. Counsel does not render a deficient performance when he fails to file a groundless motion. Moreover, the failure to file such a motion does not result in prejudice to the defense. The state court's rejection of this ineffectiveness claim was not contrary to or an unreasonable application of the governing rules in Supreme Court cases nor an unreasonable determination of the facts presented in the state court. No relief is due to the petitioner with respect to this claim.

     h. *Counsel failed to tell the court "about promises" that were made to the petitioner to obtain his statement* [Claim I in the attachment].

This claim has no factual elaboration and, therefore, is conclusory and provides no basis for habeas corpus relief. *See* discussion *supra* Part III.C.2.c. Nonetheless, the Court will treat it as though it were the same one raised in the petitioner's post-conviction case in the trial court and on appeal. There, the petitioner maintained that one of his statements resulted from coercion by the state in the form of a promise of a contact visit with his former wife.

18

The post-conviction court ruled that there no coercion used to obtain the statements and that the matter had been extensively addressed prior to trial. The appeals court found that the record showed that, in fact, trial counsel had moved to suppress the petitioner's pretrial statements. It further found that the petitioner had not cited to authority in support of his argument that his statement was involuntary in that it was based on a promise of a visit with his ex-wife (which, the court noted, he had received). The state appeals court held against the petitioner with respect to this claim, though, in doing so, it recognized that such a promise, if linked to other coercive tactics, might render a confession inadmissible.

In order to obtain relief, it must appear that the state court decision not to grant the petitioner relief on his ineffectiveness claim was contrary to or an unreasonable application of the relevant legal rules in Supreme Court cases. Here, where the state court made a factual finding that counsel did seek to suppress the petitioner's pretrial statements and that the matter was extensively addressed by the trial court, the decision that the petitioner had not been given ineffective assistance in connection with the suppression issue was not contrary to or an unreasonable application of *Strickland*.

3. *The petitioner's conviction was obtained by a violation of the protection against double jeopardy* [the second Ground one in the petition].

In this claim, the petitioner argues that he was convicted of both premeditated first degree murder and felony first degree murder in violation of the protections secured by the Double Jeopardy Clause of the Fifth Amendment. The respondent asserts that this double jeopardy claim is different from the one raised in the petitioner's post-conviction petition

19

(i.e., that his dual convictions for first degree murder and *especially aggravated robbery* violated double jeopardy), and that his failure to present the same claim to the state courts which is now presented to this habeas court amounts to a procedural default.

The respondent is correct:  the double jeopardy claim offered in the petitioner's application for habeas corpus relief is not the same one he offered for consideration in the state court.  *See* Doc. 1 at 5, ¶ A; Addendum No. 9, Post-conviction Pet. at 4, ¶ 7 and 11, ¶¶ 1-4.  A habeas claim raising different factual issues, even where it is supported by the same legal theory, does require exhaustion.  *See Pillette v. Foltz*, 824 F.2d 494, 497-98 (6th Cir. 1987).  Thus, the habeas claim, which cannot be exhausted now (since there are no state remedies remaining), has been procedurally defaulted.  The petitioner must show cause and prejudice to overcome his default.  No claim of cause or prejudice has been offered and habeas review is unavailable for the petitioner's double jeopardy claim.

4. *The petitioner's conviction was secured through use of evidence obtained by means of an unconstitutional search and seizure* [Claim 4 in the petition].

In his final claim, the petitioner alleges that his Fourth Amendment right not to be subjected to unreasonable search and seizures was violated when, without his consent or a warrant, his blood was drawn;[13] DNA tests were performed on the blood sample; and the

---

[13]According to testimony at the trial, the petitioner had what appeared to be blood on his hands when he was arrested. *Best v. State*, 2000 WL 1387997, at *3.  Later, his hands were swabbed to collect a sample of the blood and subsequent testing for DNA indicated that the blood found on the petitioner's hands matched the victim's DNA. *Id.* The petitioner was also taken to the hospital for a blood sample. *Best v. State*, 2000 WL 1387997, at *5.

results were introduced against him at his trial. As in the previous claim, the respondent maintains that the petitioner failed to challenge the blood collection before or after his trial or during his post-conviction case and that such a failure constitutes a procedural default.

The Court finds, however, that the petitioner's Fourth Amendment claim is not cognizable in these proceedings. This is so because a petitioner may not raise issues challenging the legality of a search and seizure for the first time on federal habeas review, if he had a full and fair opportunity to present the claims in state court and if the presentation of the claims was not frustrated by any failure of the state's corrective processes. *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir.2000) (citing *Stone v. Powell*, 428 U.S. 465, 494-95 (1976)), *cert. denied*, 531 U.S. 1089 (2001). It matters not whether, in fact, he took advantage of his opportunity to litigate his claims, so long as he had that opportunity. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir.1996).

In this case, the petitioner does not assert that he did not have an adequate opportunity to litigate his claim or that a failure in the state mechanism for presenting frustrated his ability to raise the claim—indeed, Tennessee courts will hold a suppression hearing if a defendant makes a Fourth Amendment challenge to the admission of evidence. *See State v. Carter*, 160 S.W.3d 526, 532 n.2 (Tenn. 2005). Therefore, the petitioner's last claim is not reviewable in these federal habeas corpus proceedings. *See Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir.2000), *cert. denied*, 532 U.S. 989 (2001).

## IV.  **Conclusion**

Accordingly, for the above reasons, the respondent's motions to dismiss and for summary judgment, (Docs. 6 and 13), will be **GRANTED**, and this petition will be **DISMISSED**.

**ENTER**:

     **s/Thomas W. Phillips**

**UNITED STATES DISTRICT JUDGE**